IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACOB TEMPLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-1153-CV-W-ODS |
| ) | |
| STATE FARM GENERAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

This suit asserts various claims arising from Plaintiff's contention that he is covered under the underinsured motorist provisions of his parents' automobile policies. Defendant's Motion for Summary Judgment (Doc. # 15) is granted.

<u>I. BACKGROUND</u>

In December 2012, Plaintiff was involved in an automobile accident with Margo Reed. Plaintiff was seventeen years old at the time; he lived with his parents and was driving an Acura Integra titled in his mother's name. Plaintiff collected the limits under Reed's automobile policy, but those sums were insufficient to compensate Plaintiff for his damages.

Plaintiff's parents owned three other vehicles: a Pontiac Grand Prix, a Harley Davidson FXD, and a Chevrolet Trailblazer. Defendant issued insurance policies on all four vehicles. Plaintiff is not a named insured on any of them. All four policies contained an underinsured motorist ("UIM") provision; the terms of the UIM coverage were the same in all four policies except for the coverage limits: for the Acura, the UIM paid $25,000 per person and $50,000 total per accident, and for the other three policies it paid $100,000 per person and $300,000 per accident. Plaintiff contended he was

entitled to $100,000 and filed suit when Defendant declined to pay that sum. After this suit was filed, Defendant paid Plaintiff $25,000 – the limit of the Acura's UIM coverage.

II.  DISCUSSION

A.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

As is true for all contracts, interpretation of an insurance contract is a matter of law. Seeck v. Geico General Ins. Co., 212 S.W.3d 129, 123 (Mo. 2007) (en banc). Ambiguities are to be construed in favor of the insured. Id. "An ambiguity exists when there is duplicity, indistictness or uncertainty in the meaning of the policy [and] is reasonably open to different constructions." Gulf Ins. Co. v. Noble Broadcast, 936 S.W.3d 810, 814 (Mo. 1997) (en banc). The presence of a broad provision for coverage

coupled with subsequent narrowing language does not create an ambiguity. Todd v. Missouri United School Ins. Council, 223 S.W.3d 156, 162-63 (Mo. 2007) (en banc).

B.

Plaintiff does not contend that the policies stack.[1] Instead, he contends he is entitled to recover the highest amount available under any one of his parents' policies, or $100,000. As all of the policies' UIM provisions (including exclusions) are the same, any one of them may be referred to as a representative sample. The Court will use the Pontiac's policy as an exemplar. The UIM coverage states Defendant

> will pay compensatory damages for **bodily injury** an **insured** is legally entitled to recover from the owner or driver of an **underinsured motor vehicle**. The **bodily injury** must be:
>
> 1. sustained by an **insured**; and
>
> 2. caused by an accident that involves the operation, maintenance, or use of an **underinsured motor vehicle** as a motor vehicle.

All italicized and bolded terms are so in the original, and indicate the term is specifically defined in the policy.

Defendant acknowledges that Plaintiff was an "insured" (although not a named insured) because the policy defined an insured to include "resident relatives," and there was no question that Plaintiff qualified as a resident relative as defined in the Policy. Thus, Plaintiff was covered under the Pontiac's UIM provision, unless an exclusion applies.

At issue is the second of the six exclusions, which provides there is no coverage when an insured sustains injury "while **occupying** a motor vehicle **owned by you** . . . if it is not **your car** or a **newly acquired car**." To say the car was "owned by you" means the car was owned by the named insureds; that is, those who were named on the Declarations Page. The Acura was owned by Plaintiff's mother, and she is named as an insured on the Pontiac's Declarations Page. Thus, Plaintiff was occupying a motor

---

[1] "Stacking" refers to an insured's ability to obtain multiple insurance coverage benefits for a single injury.

3

vehicle owned by his mother (who was listed as an insured on the Pontiac's policy), so Plaintiff is not covered by the Pontiac's UIM coverage unless the Acura qualifies as "your car" or a "newly acquired car."

Plaintiff does not contend the Acura qualified as a "newly acquired car," so the exclusion applies unless the Acura was "your car." He relies on the dictionary definition of the phrase and reasons that the Acura was "your car" because it was titled in his mother's name. The problem is that the phrase "your car" is defined in the policies and the dictionary definition cannot be employed.[2]

The policy defines the phrase "your car" to mean "the vehicle shown under 'YOUR CAR' on the Declarations Page." Thus, for instance, with respect to the Pontiac's policy, "your car" means the Pontiac. Inserting the definitions in place of the terms – and continuing to use the Pontiac's policy as an example – the Pontiac's Policy will not supply UIM coverage to Plaintiff if he was injured while occupying a car owned by his mother, unless that car was the Pontiac. Plaintiff was not injured while occupying the Pontiac, so the Pontiac's policy does not supply UIM coverage.

This analysis applies equally to the policies issued on the motorcycle and the Trailblazer. The policies' language could be more straightforward, but it is not ambiguous.

### III. CONCLUSION

Since the suit was filed, Plaintiff has received the $25,000 – the limits of coverage under the Acura's policy. He is not entitled to more because he was excluded from the other policies' UIM coverage. Defendant is entitled to summary judgment.

IT IS SO ORDERED.

                                           /s/ Ortrie D. Smith
                                           ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 29, 2014              UNITED STATES DISTRICT COURT

---

[2]Plaintiff's analysis also renders the phrases redundant by employing the same reasoning to demonstrate the Acura was both "owned by you" and "your car." It would make the provision exclude coverage if the car was owned by an insured, unless it belonged to an insured. Such an illogical interpretation should be rejected.